IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAPOLEON T. ANNAN-YARTEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HONOLULU POLICE )<br>DEPARTMENT, OFFICER PIGRRE )<br>SHAWN , CHIEF OF POLICE )<br>BOISSE P. CORREA, CITY AND )<br>COUNTY OF HONOLULU, )<br>MUNICIPAL CORPORATION, )<br>SAFEGUARD SECURITY )<br>COMPANY AND SECURITY )<br>OFFICERS, CADES AND )<br>SCHUTTE, ERNEST NOMURA, )<br>CORPORATION DOE 1-10 ET AL., )<br>)<br>Defendants. )<br>_____ ) | CV. NO. 06-00166 DAE BMK |

<u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'</u>
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After carefully reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion with regard to the section 1983 claims and the Hawaii Civil Rights Act, but

DENIES the Motion with regard to the malicious prosecution, civil conspiracy, and intentional infliction of emotional distress claims.

BACKGROUND

On March 22, and March 23, 2006, pro-se plaintiff Napoleon T. Annan-Yartey ("Plaintiff") filed a Complaint for Damages ("Initial Complaint"), and an Amended Complaint ("Complaint"), respectively, against several defendants, including Safeguard Services, Inc., incorrectly identified as Safeguard Security Company, and its security guards (collectively "Safeguard Defendants"). Plaintiff also names the law firm of Cades Schutte, L.L.P. ("Cades"), and one of its partners, Ernest Nomura ("Nomura") (collectively "Cades Defendants") in his Complaint. In addition, Plaintiff's Complaint identified the Honolulu Police Department ("HPD"), its chief of police, two police officers, and the City and County of Honolulu as defendants. They do not join Cades and Safeguard Defendants' motion to dismiss, and Plaintiff's claims against them are not addressed in this Order.

On July 3, 2006, Cades Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6) ("Motion to Dismiss"). On July 11, 2006, Safeguard Defendants filed a motion to join the Motion to Dismiss. Plaintiff filed his Opposition to Motion to Dismiss for Failure

to State a Claim ("Opposition") on July 31, 2006. On October 10, 2006, Cades and Safeguard Defendants filed a reply brief ("Reply").

Plaintiff's relevant factual allegations, contained in his Amended Complaint and Opposition, are as follows: On June 15, 2004, Plaintiff went to the address of 1000 Bishop Street ("Cades building") to serve a court document to Nomura and Cades. (Amended Compl. at ¶¶ 4, 18.) As Plaintiff attempted to serve Cades, Safeguard Guards detained him, and in the process pushed Plaintiff, held his arms, and forced him to sit on the ground. (Opp'n at 31.) The Safeguard Guards detained Plaintiff for more than two hours before the police arrived. (Id.)

When the police arrived, Nomura told them that he had filed, but not served, a temporary restraining order ("TRO") against Plaintiff. (Amended Compl. at ¶ 19.) The Safeguard Guards corroborated Nomura's story, telling the police that a restraining order had been filed on the previous day. (Amended Compl. at ¶ 20.) According to Plaintiff, Defendants made these statements despite knowing that the TRO did not exist. (Opp'n at 42.) Acting on this information, the police arrested Plaintiff, and took him into custody.

Plaintiff's factual allegations following his arrest are somewhat convoluted. Plaintiff claims maltreatment at the hands of the police officers during custody. (Opp'n at 41.) He states at one point that his incarceration period lasted

3

for twelve hours (Opp'n at 46), and later states that it lasted twenty-four hours. (Opp'n at 47). Plaintiff also alleges that after appearing in court at least three times on September 15, 2004, the district court dismissed all charges against him related to the alleged TRO. (Amended Compl. at ¶¶ 22, 26, 27.)

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). Review is limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Livid Holdings, 416 F.3d at 946. "However, the court is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (quoting Clegg, 18 F.3d at 754-55). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

4

unreasonable inferences." Id. (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).  Thus, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

Because Plaintiff is proceeding pro se, however, the Court has an obligation to construe his Complaint liberally. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Additionally, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987)). "Before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies." Id. This does not mean that the district court must act as legal advisor to the plaintiff, but that the court must "draft a few sentences explaining the deficiencies." Id. at 625 (quoting Noll, 809 F.2d at 1449).

## DISCUSSION

Plaintiff alleges twelve causes of action in his Amended Complaint: 1) Count 1: Arrest in violation of 42 U.S.C. §1983; 2) Count 2: Detention and confinement in violation of 42 U.S.C. §1983; 3) Count 3: Plaintiff neglects to list a Count 3, skipping instead to Count 4; 4) Count 4: Conspiracy in violation of 42 U.S.C. §1983; 5) Count 5: "Refusing or neglecting to prevent" in violation of 42 U.S.C. §1983; 6) Count 6: Malicious prosecution; 7) Count 7: Malicious abuse of process; 8) Count 8: Violation of the Hawaii Civil Rights Act; 9) Count 9: False arrest and imprisonment; 10) Count 10: Assault; 11) Count 11: Battery; 12) Count 12: Conspiracy; and 13) Count 13: Intentional infliction of emotional distress.

In a footnote to their Motion to Dismiss, Cades and Safeguard Defendants assert that as private parties, they are not liable to Plaintiff for any federal statutory and constitutional claims. (Mot. to Dis. at 3 n1.) According to Defendants, Plaintiff has made no allegations that they acted under "color of law," and as a result, they did not address Counts 1 through 5. (Reply at 2.) Defendants assert that only the four following causes of action in the Complaint apply to them: 1) Count 6: malicious prosecution; 2) Count 8: violation of the Hawaii Civil Rights Act; 3) Count 12: conspiracy; and 4) Count 13: intentional infliction of emotional distress (IIED). Defendants move to dismiss all of Plaintiff's claims against them

on the grounds that his complaint fails to state a claim upon which relief can be granted. Thus, they argue, Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

    A.    <u>Section 1983 Claims</u>

In Counts 1 through 5, Plaintiff claims that Defendants violated 42 U.S.C. § 1983 ("section 1983") by sharing with HPD the common goal of depriving him of his constitutional rights by having him arrested and detained. This, Plaintiff claims, serves as the basis for a conspiracy between Defendants and HPD.

To state a section 1983 claim, a "plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)).

Although section 1983 actions do not generally apply to private parties, they "can lie against a private party when 'he is a willing participant in joint action with the State or its agents.'" <u>Id.</u> (quoting <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980)). "One way the joint action test is satisfied is if a conspiracy is shown." <u>Howerton v. Gabica</u>, 708 F.2d 380, 383 (9th Cir. 1983) (internal quotations omitted).

The Ninth Circuit requires more than "a relationship of cause and effect between the complaint and the prosecution" to prove conspiracy. Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 784 (9th Cir. 2001), cert. denied, 534 U.S. 1020 (2001). A plaintiff must allege an "'agreement or meeting of the minds' to violate constitutional rights" between a private party and the government. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). The Ninth Circuit requires a "substantial degree of cooperation" between the government and a private citizen before finding such a conspiracy. Id.

For example, in United Steelworkers of Am. v. Phelps Dodge Corp., striking workers brought suit against a mining company for conspiring with police to deprive them of their civil rights by having them arrested. 865 F.2d 1539, 1450 (9th Cir. 1989). In United Steelworkers, the plaintiffs presented several items of evidence to demonstrate substantial cooperation. Id. at 1543. First, they pointed to a meeting between company executives and police where the company expressed its desire to see the plaintiffs arrested and incarcerated. Id. Next, the plaintiffs pointed to the close working relationship between the police and the company,

including constant radio contact and regular meetings. Id. at 1545. The court denied the company's motion for summary judgment because the plaintiffs provided enough evidence to take the existence of a conspiracy to the jury. Id. at 1545.

Here, Plaintiff has made no allegations which, if proved, could establish the substantial cooperation required by the Ninth Circuit. Plaintiff has not alleged that Defendants met or conversed with police officers prior to his arrest. He has not alleged that police officers knew, at the time of his arrest, that Defendants were allegedly lying about the existence of a TRO. In other words, Plaintiff has not alleged the substantial cooperation required to establish that police officers and Defendants had an agreement or a meeting of the minds.

At most, Plaintiff appears to contend that Defendants, by lying to HPD about the existence of a TRO, acted under "color of law" (Amended Compl. at 42), thereby transforming them from private parties into state actors. Generally, however, allegations that a party merely complained to the police, even if the complaints led to an arrest, are not enough to establish a conspiracy for purposes of joint action under Section 1983. See Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985) (holding that private party who called the police was not a state actor); Howerton, 708 F.2d at 385 ("[a] single request for the police to perform their

9

peace-keeping functions may not be sufficient to make a landlord a 'joint actor' with the state for section 1983 purposes.").

In <u>Arnold v. Int'l. Bus. Machines Corp.</u>, the computer company IBM feared that a source within the company was leaking trade secrets. 637 F.2d 1350, 1352 (9th Cir. 1981). During an investigation to identify the perpetrator, police interviewed employees of a rival company that IBM suspected possessed stolen drawings of a certain disc drive, called the 2314. <u>Id.</u> at 1353. These employees indicated that the plaintiff was responsible for obtaining the 2314 drawings. <u>Id.</u> After the plaintiff was arrested, the charges were dropped and he brought suit against IBM. <u>Id.</u> at 1353-54. The plaintiff claimed that IBM was a state actor, in part because it failed to tell police that the 2314 drawings were not actually trade secrets. <u>Id.</u> at 1354. Citing the Seventh Circuit, the court stated that "a person who supplies inaccurate information that leads to an arrest is not involved in joint activity with the state and, thus, not liable under section 1983." <u>Id.</u> at 1357-58. The court held that although IBM's involvement was more than of a complaining witness, the plaintiff had not demonstrated the substantial cooperation between IBM and the police required to show that the company caused his arrest. <u>Id.</u> at 1357.

In Moore v. Marketplace Restaurant, Inc., the plaintiffs went to a restaurant, ordered food and ate appetizers, but waited over two hours for their entrees. 754 F.2d 1336, 1340 (7th Cir. 1984). When the entrees had still not arrived, the plaintiffs' offer to pay for the appetizers and leave was met with anger, profanity, and demands for payment for the entire meal by the defendant. Id. After the plaintiffs left without paying, the defendant called the police with a different version of the facts, claiming that the plaintiffs had not even offered to pay for the appetizers. Id. On the basis of this complaint, the plaintiffs were arrested, incarcerated for at least four hours, and then released. Id.

After deciding that not enough cooperation existed between the police and the defendant to make the defendant a state actor, the court turned to the effect of the false statements. Id. at 1352. The court determined that the fact that the defendant's statements to police were false had no bearing on his status as a state actor. Id. The court held that "providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983." Id.

The court in Kahermanes v. Marchese, stated the principle even more clearly. 361 F. Supp. 168 (D. Pa. 1963). In that case, the plaintiff alleged that the defendant falsely told a police officer that he was carrying a concealed weapon. Id.

11

at 170.  The court concluded that no conspiracy existed between the police and the defendant, and thus that he had not acted under color of law.  Id. at 171.  When an individual does not act under color of law, "[t]he deliberate giving of false information by an individual to a police officer to cause the arrest of another does not give rise to a cause of action under the Civil Rights Acts."  Id.

As stated above, in the instant case, Plaintiff has not alleged facts to demonstrate the substantial cooperation between police and Defendants that would make them state actors, such that they caused his arrest.  Nor do the Defendants' allegedly deliberately false statement to police make them state actors liable under section 1983.  Thus, Plaintiff's claims for civil rights violations in Counts 1 through 5 under section 1983 are DISMISSED.

B.   Malicious Prosecution

Plaintiff alleges that Defendants, by deliberately providing false information to the police, are liable for malicious prosecution.  Defendants claim that beyond Nomura's testimony at trial, they played no part in the decision to prosecute Plaintiff.

To bring a claim of malicious prosecution, Plaintiff must allege "(1) that the prior proceedings were terminated in the plaintiffs' favor, (2) that the prior proceedings were initiated without probable cause, and (3) that the prior

proceedings were initiated with malice." Myers v. Cohen, 688 P.2d 1145, 1148 (Haw. 1984) (involving malicious prosecution claim against attorney who filed allegedly false complaint). Where a clear record of the defendant's participation in criminal proceedings exists, such as by filing charges in court, the case for malicious prosecution is strong. See, e.g., Myers. No such record exists in this case. The question before this court then is whether an arrest caused by providing false information to police suffices as "prior proceedings" for purposes of bringing a malicious prosecution claim.

In Fraser v. County of Maui, the court looked to the Restatement (Second) of Torts § 654 (1977) ["Restatement"] to determine when prior proceedings are initiated. 855 F. Supp. 1167, 1181 (D. Haw. 1994). According to the Restatement, prior proceedings can commence when a person is "lawfully arrested on a criminal charge." Restatement § 654(2)(c). In this case, Plaintiff's arrest based on an alleged violation of the TRO serves as the "prior proceeding" for his malicious prosecution claim.

This Court turns next to the question of whether the Defendant's initiation of Plaintiff's arrest by, as Plaintiff alleges, falsely accusing him of a crime is enough to support a claim for malicious prosecution. The commentary to

Restatement § 654(2)(c) explains that a claim for malicious prosecution may be brought when:

> A, maliciously and without probable cause, informs a police officer that B has committed a felony. Acting on this information, the officer makes a valid arrest of B. He then discovers that B is innocent and releases him without any further steps to prosecute him. A is subject to liability to B for malicious prosecution.

Fraser, 855 F. Supp. at 1182 (quoting Restatement § 654(2)(c) cmt. e).[1]

Other courts have found this reasoning persuasive. In State v. Montigue, the Oregon Supreme Court contemplated whether providing false information to the police could give rise to a cause of action for malicious prosecution. 605 P.2d 656 (Or. 1980), cert. denied, 449 U.S. 846 (1980). While analyzing the veracity of an informant whose statements led to the defendant's arrest and conviction, the court stated that "[i]n Oregon, by reason of ORS 162.375, it is a crime to initiate a false report to a law enforcement agency. Also, a

---

[1] The court in Ragasa v. County of Kauai reaches a different conclusion. NO. 03-00540 BMK, 2006 U.S. Dist. LEXIS 16745 (D. Haw. Mar. 22, 2006). In Ragasa, the plaintiffs filed a malicious prosecution claim, alleging that false statements by the defendants to police led to the initiation of criminal proceedings against the plaintiffs. Ragasa, 2006 U.S. Dist. LEXIS 16745, at *42-43. The County argued that the plaintiffs' claim failed to satisfy the elements of malicious prosecution articulated in Myers. Id. The court, however, found that the plaintiffs' claim failed "because Defendants were not the parties directly responsible for prosecuting Ragasa." Id.

person who does so may be liable for damages in a civil action for malicious prosecution." Id. at 660.

In Randall v. Lemke, the plaintiff filed a claim alleging that the defendant had falsely told police that he had a gun in his car. 726 N.E.2d 183, 184 (Ill. App. Ct. 2000). Based on the defendant's information, an officer arrested and charged the plaintiff. Id. The court stated that "when a citizen knowingly gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen." Id. at 185. In order for the citizen to be liable, however, the complaint must be based upon the false information. Id. at 186.

Like Oregon and Texas, Hawaii makes the act of providing false information to a police officer a crime. Haw. Rev. Stat. § 710-1015. Plaintiff has alleged that Defendants initiated proceedings by calling the police and intentionally informing them that he violated a TRO, which did not actually exist. Plaintiff has alleged that the prior proceedings terminated in his favor when the charges against him were dismissed. The fact that Cades pursued no further action and that the charges against Plaintiff were dismissed in his favor tend to show a lack of probable cause to initiate Plaintiff's arrest in the first place. See Myers, 688 P.2d at 1148 ("Failure to prosecute, like voluntary dismissal, may give rise to an

15

inference that there was lack of probable cause.") (quoting <u>Brodie v. Haw. Auto. Retail Gasoline Dealers Ass'n, Inc.</u>, 631 P.2d 600, 604 (Haw. 1981)).

Finally, the lack of probable cause gives weight to Plaintiff's allegations of malice. <u>See</u> <u>Lewis v. Continental Airlines, Inc.</u>, 80 F. Supp. 2d 686, 700 (D. Tex. 1999). In addition, Plaintiff's allegations that Defendants deliberately provided false information to police in order to cause his arrest supports the existence of malice. <u>Id.</u> ("Maliciously tendering false information, or deliberately concealing or deliberately failing to disclose exculpatory information, can give rise to an inference that the defendant acted with malice in initiating or maintaining a prosecution.") Because Defendants instigated the prior proceedings, and Plaintiff has properly alleged all three elements of malicious prosecution against Defendants, the motion with regard to Plaintiff's malicious prosecution claim is DENIED.

    C.    <u>Violation of Hawaii Civil Rights Act</u>

In Count 8 of his Complaint, Plaintiff alleges that Defendants violated rights guaranteed under the "Hawaii Civil Rights Act." As Defendants correctly point out, no Act with that specific title exists. In this Count, Plaintiff appears to allege general violations of his civil rights. The Court cannot discern the statutory or constitutional rights he alleges are violated. If Plaintiff feels that other civil

rights beyond those mentioned in other portions of his complaint have been violated, he needs to specifically identify those rights. Accordingly, Count 8 is DISMISSED without prejudice.

    D.    Conspiracy

In Count 12, Plaintiff alleges that Nomura and Safeguard conspired with one another to secure his arrest by providing the police with false information. Defendants submit that Plaintiff has no underlying claims, and thus, his claim for conspiracy cannot lie.

"Generally speaking, 'the accepted definition of a conspiracy is a combination of two or more persons [or entities] by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.'" Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 982 P.2d 853, 881 (Haw. 1999) (quoting Duplex Printing Press Co. v. Deering, 254 U.S. 443, 466 (1921)). Since "there can be no civil claim based upon a conspiracy alone," Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995), a plaintiff must allege an underlying actionable claim. See Ellis v. Crockett, 451 P.2d 814, 822-23 (Haw. 1969) (plaintiffs' failure to allege an underlying claim of deceit precluded them from alleging conspiracy to deceive).

In this case, Plaintiff's allegation of malicious prosecution serves as the underlying claim for his conspiracy claim. Unlike Ellis, Plaintiff has properly alleged an actionable underlying claim. Therefore, as this Court has found that Plaintiff alleged facts sufficient to support an underlying malicious prosecution claim, Defendant's Motion with regard to the conspiracy claim is hereby DENIED.

D.   Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants intentionally inflicted emotional distress ("IIED") upon him. "Under Hawai'i law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60-61 (Haw. 2003)). The Hawaii Supreme Court defines the term "outrageous" as conduct "without just cause or excuse and beyond all bounds of decency." Enoka, 128 P.3d at 872. "Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'" Id. (quoting Hac, 73 P.3d at 60).

Again, construing the Plaintiff's complaint liberally, and taking the allegations therein as true, the question before this court is: did Defendants' conduct–summoning the police and providing them with false information that

18

caused Plaintiff to be arrested–cause Plaintiff's emotional distress. There is no Hawaii case law directly addressing this question.

Allegations of conduct that threaten a person's liberty lend support to a claim for IIED. See Chung v. McCabe Hamilton & Renny Co., 128 P.3d 833, 847 (Haw. 2006) (appellant properly alleged IIED claim based on allegations that appellees caused problems between appellant and probation office and made false statements to the public). Likewise, detaining an individual in an unreasonable manner or for an unreasonable amount of time provides evidence of IIED. See Romanski v. Detroit Entm't. L.L.C., 265 F. Supp. 2d 835, 848-49 (E.D. Mich. 2003) (manner in which security guards detained plaintiff–by, among other things, surrounding her and preventing her from leaving–was outrageous).

Plaintiff has alleged that Defendants falsely told the police that he violated a TRO for the purpose of causing his arrest. Plaintiff also states that he was detained by Defendants for over two hours before the police arrived. (Opp'n at 31.) Finally, Plaintiff has alleged that he suffered severe emotional distress as a result of these actions. Therefore, construing the facts in the light most favorable to Plaintiff, the motion with regard to Plaintiff's IIED claim is DENIED.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion with regard to the section 1983 claims in Counts 1 through 5 and the Hawaii Civil Rights Act in Count 8, but DENIES the Motion with regard to the malicious prosecution claim in Count 6, the civil conspiracy claim in Count 12, and intentional infliction of emotional distress claim in Count 13..

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2007.



_____
David Alan Ezra
United States District Judge

.

Napoleon T. Annan-Yartey v. Honolulu Police Department, et al., CV. NO. 06-00166 DAE BMK ; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM